IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL H. STUTHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3202 |
| | ) | |
| v. | ) | |
| | ) | |
| ARNOLD E. STUTHMAN, | ) | **MEMORANDUM** |
| HERBERT W. STUTHMAN, | ) | **AND ORDER** |
| FRANK J. SKORUPA, and GALE D. | ) | |
| TESSENDORF, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motions to Dismiss. (Filing Nos. 14, 17, and 19.) As set forth below, the Motions are granted.

## I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed this matter on October 13, 2010. (Filing No. 1.) After extensions of time, each Defendant filed a Motion to Dismiss. (Filing Nos. 14, 17, and 19.) Defendants Arnold Stuthman, Tessendorf, and Skorupa also filed Briefs in support of their Motions. (Filing Nos. 18 and 20.) Plaintiff filed Responses to each Motion. (Filing Nos. 16, 21, 22, and 23.)

This matter relates entirely to state-court probate proceedings as a result of the death of Plaintiff's mother. (Filing No. 1.) Defendants Herbert and Arnold Stuthman are Plaintiff's brothers, Defendants Tessendorf and Skorupa are attorneys involved in the state-court probate proceeding. (*Id.*)  Plaintiff alleges generally that "Defendants have prevented [him] from presenting the merits of his case" in state court. (*Id.* at CM/ECF p. 2.) Plaintiff complains of "fraud" in the state court regarding the probate of his mother's will, which resulted in the "unfair" distribution

of his mother's assets. (*Id.* at CM/ECF p. 4.) Plaintiff claims that these actions violated his civil rights and seeks only monetary relief. (*Id.* at CM/ECF pp. 2, 5.)

## II. DEFENDANTS' MOTIONS TO DISMISS

Defendants Arnold Stuthman, Tessendorf, and Skorupa argue that the claims against them should be dismissed because, among other things, this court lacks subject matter jurisdiction.[1] The court agrees.

As set forth in the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The statutory provisions conferring jurisdiction on the federal courts "are strictly construed." *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965). Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction.[2] *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Plaintiff does not cite to any federal statute in his Complaint. (Filing No. 1.) In response to the pending Motions, Plaintiff argues that "[o]ne of the federal

---

[1] Defendant Herbert Stuthman, proceeding pro se, does not assert a subject matter jurisdiction argument, but seeks dismissal on other grounds. (Filing No. 14.) However, because the court finds that it lacks subject matter jurisdiction over this matter, the matter must be dismissed in its entirety as to all Defendants.

[2] Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. However, Plaintiff's response to one of the pending Motions to Dismiss unequivocally states, "[t]his isn't diversity of citizenship jurisdiction." (Filing No. 21 at CM/ECF p. 2.) In addition, Plaintiff alleges that Plaintiff and all Defendants are residents, and presumably citizens, of the State of Nebraska. (Filing No. 1 at CM/ECF p. 1.)

question[s] is breach of fiduciary duty and aiding and abetting breach of fiduciary duty." (Filing No. 21 at CM/ECF p. 1.) Plaintiff further alleges that this matter is a "civil rights violation" based on "breach of fiduciary duty . . . conversion . . . fraudulent misrepresentation . . . [and] unjust enrichment." (*Id.* at CM/ECF pp. 1-2; *see also* Filing No. 16 at CM/ECF p. 1.) Plaintiff's Complaint makes a passing reference to "due process rights," but alleges only a fraud claim. (Filing No. 1.) Even with the most liberal construction, Plaintiff alleges claims under state law only. As such, Plaintiff has failed to establish that federal question jurisdiction applies here and this matter must be dismissed. The court need not reach Defendants' other arguments.

IT IS THEREFORE ORDERED that:

1. Defendants's Motions to Dismiss (filing nos. 14, 17, and 19) are granted. This matter is dismissed without prejudice to reassertion in the appropriate forum.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 25th day of March, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.